UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Kyle Tortorice<br><br>                        Plaintiff,<br><br>     -v.-<br><br>Accounts Receivable Management<br>DBA<br>ARM Professional Services<br><br>                        Defendant. | Civil Action No: _____<br><br>**COMPLAINT** |

Plaintiff Kyle Tortorice ("Plaintiff" or "Tortorice") by and through his attorneys, RC Law Group, PLLC, as and for his Complaint against Defendant Accounts Receivable Management dba ARM Professional Services ("Defendant") respectfully sets forth, complains and alleges, upon information and belief, the following:

### INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of section 1692 et. seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

### PARTIES

2. Plaintiff is a resident of the State of Illinois, County of Du Page, residing at 208 Shorewood Drive 1B, Glendale Hts, IL 60139.

3. Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 910 W Van Buren St Ste 245, Chicago, IL, 60607.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201. If applicable, the Court also has pendant jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

6. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

7. On information and belief, on a date better known to Defendant, Defendant began collection activities on an alleged consumer debt ("Alleged Debt") from the Plaintiff.

8. The Alleged Debt was incurred as a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

9. The reporting of a debt to a credit reporting agency by a debt collector is a communication covered by the FDCPA.

10. Defendant reported the Alleged Debt on the Plaintiff's credit report.

11. Plaintiff disputed the Alleged Debt directly with the Defendant with a dispute letter on May 12, 2016.

12. Plaintiff examined his credit report again on July 27, 2016 and found that Defendant had re-reported the credit account to the bureau(s) in July 2016.

13. When Defendant re-reported the credit account after it received Plaintiff's dispute letter, Defendant failed to list the account as "disputed by consumer" despite being required to do so by the FDCPA.

14. Furthermore Plaintiff examined his credit report again in November, 2016 and found that Defendant had re-reported the credit account to the bureau(s) in October 2016.

15. When Defendant re-reported the credit account after it received Plaintiff's dispute letter, Defendant failed to list the account as "disputed by consumer" despite being required to do so by the FDCPA.

16. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## FIRST CAUSE OF ACTION
### (Violations of the FDCPA)

17. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

18. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violate various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e(2), 1692e(5), 1692e(8), 1692e(10) and 1692f.

19. As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Kyle Tortorice demands judgment from the Defendant Accounts Receivable Management dba ARM Professional Services, as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1);

b) For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3);

d) A declaration that the Defendant's practices violated the FDCPA; and

e) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: Hackensack, New Jersey
January 17, 2017

/s/ Yaakov Saks
**RC Law Group, PLLC**
By: Yaakov Saks, Esq.
285 Passaic Street
Hackensack, NJ 07601
Phone: 201.282.6500 Ext. 201
Fax: 201.282.6501